UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                    HAMMOND DIVISION AT LAFAYETTE

JESSICA ELIZABETH THOMAS,     )
                              )
Plaintiff,                    )
                              )
vs.                           )    No. 4:12-CV-073
                              )
RYAN C. FRENCH, *et al.*,     )
                              )
Defendants.                   )


                         **OPINION AND ORDER**

   This matter is before the Court on the Motion to Dismiss and Direct Entry of Final Judgment, filed by Defendants Brian L. Phillips, Jeff C. Tislow, and Steven R. Prothero, on May 29, 2013. (DE #20.) For the reasons set forth below, the motion is **GRANTED in part and DENIED in part**. The motion to dismiss is granted to the extent that all claims against Brian L. Phillips, Jeff C. Tislow, and Steven R. Prothero are **DISMISSED**. However, the dismissal is **without prejudice**, and Defendants' request to direct entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) is **DENIED**. All claims against Ryan C. French **REMAIN PENDING**. Furthermore, provided that she does so within thirty (30) days and as otherwise directed in accordance with this order, Plaintiff may file a motion to amend her complaint if she so chooses.

BACKGROUND

Plaintiff, Jessica Elizabeth Thomas ("Thomas"), filed this *pro se* complaint pursuant to 42 U.S.C. section 1983 on December 17, 2012. (DE #1.) In it she named four Lafayette Police Department officers, Ryan C. French ("Officer French"), Brian L. Phillips ("Officer Phillips"), Jeff C. Tislow ("Officer Tislow"), and Steven R. Prothero ("Officer Prothero"), as Defendants.[1] (*Id.* at 2.) Thomas alleges that her First, Fourth, Fifth, Eighth, and Fourteenth amendment rights were violated during an encounter with the Lafayette police officers on April 2, 2012. (*Id.*) On May 29, 2013, Officer French filed an answer to Thomas' complaint. (DE #19.) That same day, the other three officers filed the instant motion to dismiss. (DE #20.) On June 11, 2013, Thomas filed a motion for leave to submit evidence in the form of DVDs. (DE #24.) On July 15, 2013, Thomas filed her response to the motion to dismiss; she also separately filed a motion to amend her complaint, asking that Lonnie C. Wilson ("Officer Wilson") be added as a defendant. (DE #28; DE #29.) Thomas' motion to amend her complaint sought to add Officer Wilson to the list of defendants for his past actions and for "being present" for the events that occurred on April 2, 2012. (DE #29.) In an order dated October 29, 2013, Magistrate Judge Andrew P. Rodovich denied Thomas' motion

---

[1] All of the officers are represented by the same attorney and will be referred to collectively as "Defendants" where appropriate throughout this order.

to submit evidence and also denied the motion to amend her complaint without prejudice because she failed to comply with Northern District of Indiana Local Rule 15-1 by not filing a proposed amended complaint with her motion. (DE #31.) To date, no further motions or responses have been filed in this case.

DISCUSSION

In deciding a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). "This means that the complaint must contain allegations plausibly suggesting (not merely consistent with) an entitlement to relief." *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632-33 (7th Cir. 2013) (internal quotation marks and citation omitted). However, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

*Factual Allegations*[2]

Thomas' complaint alleges that she was driving her car home at 8:45 PM on April 2, 2012; her husband, Brian Thomas ("Brian"), was in the passenger seat at that time. Thomas stopped at a stop sign at the intersection of 11th and Main Streets. She and Brian observed inappropriate activity at a bus stop. At Brian's direction, Thomas turned on her blinkers while Brian retrieved his phone to make a video recording, purportedly for the police. A police car pulled up to the intersection. Thomas and Brian thought the police officer noticed the activity at the bus stop. The police car, however, proceeded to turn left onto 11th Street. Thomas then turned left onto Main Street toward their apartment.

Upon arriving at the parking lot of the apartment, Thomas turned off the car and they got out. The Thomases then noticed that a police car was stopped right behind their car. Both of them "started to record." Officer French got out of the police car and ordered the Thomases back into their car. As they started to do so, Officer French said "wait," walked toward Brian, and told Brian

---

[2] Defendants' brief in support of their motion to dismiss includes an accurate representation of Thomas' factual allegations, and the Court has borrowed liberally from Defendants' brief for this section. (See DE #21, pp.2-3.)

to "come here." Officer French grabbed Brian's left arm, pulled him to the middle of the parking lot, and pulled Brian onto the ground. While still holding Brian's arm, Officer French pushed his knee into Brian's back five times.

Thomas told Officer French that Brian had a broken back and that she was worried that he would break it again. Thomas insisted that she and Brian didn't do anything wrong. Officer French told her to "shut up." Officer French then pulled Brian back to his feet, pushed him back to the ground, and pulled him across the pavement for five to ten minutes. He then grabbed Brian's other arm and told him he was under arrest for resisting arrest. Thomas responded that Brian had not been resisting and that Officer French was "beating him up for no reason at all."

After putting Brian in handcuffs, Officer French told Thomas that she was under arrest well. Thomas put her hands behind her back and turned around so she could be cuffed. Officer French grabbed her left arm and chest, ripping her T-shirt and bra. Officer French then pushed Jessica into the pavement and pulled her across the pavement. After all of this had occurred, Officer French called for backup. It took the other officers about three minutes to arrive at the scene.

Officer Tislow and Officer Prothero arrived and stood Brian up against a white van, and Officer French proceeded to choke Brian. Officer Prothero then took Brian to his police car.

Officer Tislow and Officer French helped Thomas off the ground to walk with them. She stated that her right hip and knee were hurting. While Officer French scoffed at her claims of injury, Officer Tislow lifted her shirt to see that her right hip was bleeding and her right knee was bleeding through her pants. Officer Tislow then called for medics. Thomas was placed in Officer Tislow's car until medics arrived. The medics said that Thomas should be taken to the hospital but that Brian was fine.

During this time, Officer French was "going through" the Thomases' car and emptied out Brian's shoulder bag onto the trunk of a police car. Officer French took Brian's medication, money, cell phone, and the bag to the police department. He also confiscated Jessica's video recorder and changed a setting so that her recording of the incident would play only audio.

Officer Prothero took Brian to jail, and Officer Tislow took Jessica to the hospital. Officer Prothero spoke to witnesses at the apartment complex. Thomas alleges that Officer Prothero's report shows that he was "coaching" the witnesses as to what to say.

ANALYSIS

A plaintiff may bring a cause of action under 42 U.S.C. section 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . . subjects, or causes to be subjected, any citizen of the United

States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. In order to prevail on a section 1983 claim, a plaintiff must show that she "was deprived of a right secured by the Constitution or federal law" "by a person acting under color of law." *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). Liability under 42 U.S.C. section 1983 must be based upon a finding that the defendant caused the alleged constitutional deprivation. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). In other words, a defendant must be "personally responsible" for the constitutional deprivation for an individual liability claim to succeed. *Backes v. Vill. of Peoria Heights, Ill.*, 662 F.3d 866, 869 (7th Cir. 2011). Thus, "[b]ecause there is no theory of *respondeat superior* for constitutional torts, a plaintiff 'must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (citing *Iqbal*, 556 U.S. at 676).

That said, a state actor's inaction, or failure to intervene, can subject him to liability under certain circumstances pursuant to section 1983. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). For example, an officer has a duty to "to intervene to prevent a false arrest or the use of excessive force if the officer is informed of the facts that establish a constitutional violation and

has the ability to prevent it." *Montano v. City of Chicago*, 535 F.3d 558, 569 (7th Cir. 2008) (citing *Morfin v. City of East Chicago*, 349 F.3d 989, 1001 (7th Cir. 2003)). However, to establish liability, a plaintiff must show that a defendant alleged to have failed to intervene had both "reason to know" that a constitutional harm was being committed and had a "realistic opportunity to intervene to prevent the harm from occurring." *Id*. (citing *Yang*, 37 F.3d at 285).

Defendants argue that Officer Phillips is entitled to dismissal because, while he is listed as a defendant, he is not mentioned anywhere in the body of the complaint. (DE #21, p. 1.) Defendants next point out that Officer Tislow and Officer Prothero are alleged to have arrived on the scene after Officer French had beaten and arrested Thomas so they cannot be held liable for Officer French's actions or for a failure to intervene. (*Id*.) Furthermore, they point out that the factual allegations do not make out a plausible claim of constitutional deprivation by Officer Tislow or Officer Prothero after they arrived on the scene. (*Id*.) In response, Thomas states:[3]

> Officers Phillips, Tislow and Prothero was present on April 2, 2012. They help themselves tp gp throw my car, my husbands and my belongings. Officers Phillips, Tislow and Prothero stood by watching and done nothing while Officer Ryan French was beating my

---

[3] The Court has inserted Thomas' response and has not attempted to make spelling or grammatical corrections. This is true throughout the order when directly quoting Thomas.

> husband Brian Thomas witch is a disable american. Then Officers Tislow and Phillips again stood by watching and done nothing while Officer French and Officer Prothero chocking my husband. They also stood by while officer French grabbing my chest and wripping my t-shirt and bra making my chest area open for everyone to see my chest, they didnt do nothing but stood there watching this officer beating on two citizences. They stood by watching officer French draging me across the pavement. They was present and watching this officer do these things and so much more to my husband and me.

(DE #28, p. 1.)

The Court has carefully reviewed Thomas' complaint and response brief. While the Court must take the well-pleaded allegations as true and draw all reasonable inferences in Thomas' favor, it need not credit the additional facts in her response brief if they are inconsistent with the allegations of the complaint. See *Chavez v. Ill. State Police*, 251 F.3d 612, 650 (7th Cir. 2001).

Here, as to Officer Phillips, Thomas' assertions in her response brief that he went through the contents of her car, stood by and watched as she and Brian were beaten and dragged across the pavement, and did nothing when Thomas' shirt and bra were ripped open are directly contradicted by the allegations in her complaint. She specifically alleges in her complaint that Officer French beat and arrested her *prior* to calling for backup and that it was Officer French alone who conducted the search of her car. (DE #1, p. 6.) Officer Phillips is not mentioned in the body of Thomas'

complaint, and her response brief does nothing to clarify her allegations against him.[4] It has not been adequately alleged that he committed any unconstitutional acts or that he had reason to know a constitutional harm was being committed while having had a realistic opportunity to intervene. See *Backes*, 662 F.3d at 869 (defendant must be "personally responsible" for the alleged constitutional deprivation); see also *Montano*, 535 F.3d at 569 (defendant alleged to have failed to intervene must have had both "reason to know" of constitutional deprivation and a "realistic opportunity to intervene" ). As such, the complaint does not state a claim against Officer Phillips that is plausible on its face, and all claims as stated against him are **DISMISSED without prejudice**.

As to Officer Tislow, as Defendants correctly point out, he is also alleged to have arrived on the scene *after* Officer French had allegedly beaten and arrested Thomas. Officer Tislow cannot be held liable for Officer French's actions in beating or arresting Thomas or for failing to intervene to prevent such conduct because, according to Thomas' own allegations in her complaint, he was not

---

[4] In her response brief, Thomas claims that "Officers Tislow and Phillips again stood by watching and done nothing while Officer French and Officer Prothero chocking my husband." (DE #28, p. 1.) Again, this is directly contradicted by the allegations in her complaint wherein she states that "[t]he other officers showed up, *two* went over to Brian along with officer Ryan French. The *two other officers later deified as officer Tislow and officer Prothero*, the took Brian over to the back of our white van and made Brian stooded there with his back up against it. Officer Ryan French walked over to Brian and with his right hand started to chock Brian." (DE #1, p. 6) (emphasis added). Thomas' complaint specifically alleges that only two of the officers, Officer Tislow and Officer Prothero, walked Brian over to the van and that it was specifically Officer French who choked Brian.

present at that time.[5]  See *Backes*, 662 F.3d at 869; see also *Montano*, 535 F.3d at 569.  Furthermore, once Officer Tislow did arrive, Thomas simply alleges in her complaint that he took Brian over to the van and stood him up against it,[6] helped Thomas off the ground, noticed her injuries and asked if she needed medical attention, called for medics to examine her, and eventually took Thomas to the hospital himself.  (DE #1, pp. 6-7.)  Thomas also alleges that Officer Tislow helped Officer French count Brian's medication later on at the police station.  (*Id*. at 7.)  None of these allegations describe any sort of constitutional violation by Officer Tislow.  To the extent that Thomas claims in her response brief that Officer Tislow searched her car, went through Brian's

---

[5]  Thomas' statements in her response brief that Officer Tislow stood by and watched while she was beaten and arrested are in direct contradiction to the allegations made in her complaint and need not be credited by this Court.

[6]  In her response brief, Thomas states that "Officers Tislow and Phillips again stood by watching and done nothing while Officer French and Officer Prothero chocking my husband." (DE #28, p. 1.)  In addition to being in direct contradiction to the allegations of her complaint (wherein she states that two officers, Officer Tislow and Officer Prothero, walked Brian over to the van to stand him up and then "Officer Ryan French walked over to Brian and with his right hand started to chock Brian"), the Court notes that Brian is not a plaintiff in this lawsuit.  Fourth Amendment rights, which are considered personal, cannot be vicariously asserted.  See *United States v. Amaral-Estrada*, 509 F.3d 820, 826 (7th Cir. 2007).  Thomas may not allege such failure to intervene claims on his behalf.  See also *Niehus v. Liberio*, 973 F.2d 526, 532-34 (7th Cir. 1992) (finding that ex-wife who attributed her divorce to the "psychological consequences" of her ex-husband's violent encounter with the police could not recover damages under the constitution for loss of consortium because "the courts have confined 'liberty' to the core of personhood.") (collecting cases and citing *Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir. 1986) (shock experienced by bystander wife who witnessed the shooting and killing of her husband by police is not actionable)).

belongings, and seized its contents,[7] those statements are directly contradicted by the allegations in her complaint wherein she specifically states that Officer French performed the search and seizure.[8] (DE #1, pp. 6-7.) In sum, the complaint does not state a claim against Officer Tislow that is plausible on its face, and all claims stated against him are also **DISMISSED without prejudice**.[9]

As to Officer Prothero, for the same reasons described in the preceding sections and footnotes, he cannot be held liable for Officer French's actions in beating or arresting Thomas or for failing to intervene to prevent such conduct. See *Backes*, 662 F.3d at 869; see also *Montano*, 535 F.3d at 569. The only other post-

---

[7] In her response brief, Thomas specifically states that Officer Phillips, Officer Tislow, and Officer Prothero "help *themselves* tp gp throw my car, my husbands and my belongings." (DE #28, p. 1) (emphasis added). She does not allege that they failed to intervene while Officer French conducted the search and seizure.

[8] Thomas' complaint alleges that while Officer Tislow was helping Thomas receive medical attention, "Officer Ryan French was going through our car and grabbed out Brian's shoulder bag. He empty out the bag onto his police car trunck. Officer Ryan French empty out Brian's medication. Officer Ryan French left with Brian's medication, money, cell phone and shoulder bag and took them to the police department. Officer Prothero took Brian to the county jail. Officer Tislow took me to the Old Satin Elizabeth hospital." (DE #1, pp. 6-7.)

[9] Thomas alleges in her response brief that, once at the hospital and handcuffed to the bed, Officer Tislow watched as she undressed even though the doctor and nurse asked him to step into the hallway. However, it is not clear whether the alleged disrobing was at the direction of the medical staff or Officer Tislow, nor is it clear whether Officer Tislow personally searched Thomas' pockets at the hospital. She does not allege that Officer Tislow touched her person in any way. The Complaint itself is completely silent as to any of these allegations and simply states that Officer Tislow helped her deal with her injuries at the scene and then took her to the hospital. Because the Court is dismissing the claims against Officer Tislow without prejudice and is allowing Thomas to file a motion to amend her complaint to clarify any post-arrival allegations against the officers, the Court need not address these vague allegations at this point.

arrest conduct related to Thomas and attributable to Officer Prothero that has not been discussed by the Court is that he spoke to witnesses after the incident and "coached" them for purposes of completing his report; Thomas simply alleges that "[i]f you look at his report you can tell that officer Prothero was coaching witnesses what to say in there report." (DE #1, p. 7.) She does not elaborate on this assertion in her response brief. Thomas does not allege that she was prosecuted, tried, or held in jail, nor does she suggest that any trial or proceeding was rendered unfair by Officer Prothero's report. Defendants are correct that such a bare allegation is insufficient to state a claim against Officer Prothero. See *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009) (dismissal was proper when plaintiff alleged that defendant officers violated his due process rights by, among other things, submitting false police reports because a plaintiff cannot state a claim "by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment.") (citation omitted)); see also *Alexander v. McKinney*, 692 F.3d 553, 556 (7th Cir. 2012) ("In order to bring a *Brady* claim, a plaintiff must demonstrate that: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material, that is, there was a reasonable probability that prejudice ensued.") (citation omitted)). As such, the complaint does not state a claim against

Officer Prothero that is plausible on its face, and all claims stated against him are **DISMISSED without prejudice** as well.

Finally, Defendants ask that final judgment be entered under Federal Rule of Civil Procedure 54(b). "Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties." *Factory Mut. Ins. Co. v. Bobst Group USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004). Final judgment under Rule 54(b) should only be entered "when the subjects of the partial judgment do not overlap with those ongoing in the district court." *Id.* (citing *Horn v. Transcon Lines, Inc.*, 898 F.2d 589 (7th Cir. 1990); *Jack Walters & Sons Corp. v. Morton Building, Inc.*, 737 F.2d 698 (7th Cir. 1984)). A district court must first determine that a judgment is final and must then consider whether there is any just reason for delay. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980).

Here, because the Court has dismissed the claims against Officer Phillips, Officer Tislow, and Officer Prothero without prejudice, the judgment is not final and Defendant's request to enter judgment pursuant to Federal Rule of Civil Procedure 54(b) is **DENIED**. While it is clear that Thomas does not have viable claims against these officers based on the actions of Officer French prior to their arrival on the scene, the Court will allow Thomas to move to amend her complaint in order to clarify any post-arrival

allegations that are not inconsistent with her original complaint. If Thomas feels she can amend her complaint in this manner and in accordance with Federal Rule of Civil Procedure 11,[10] she may file a motion to amend her complaint provided that she: (1) does so within thirty (30) days of the date of this order; (2) follows the procedural requirements of Northern District of Indiana Local Rule 15-1 which include reproducing the entire pleading as amended; and (3) clearly states the nature of and reasons for each of her claims against each defendant in detail.

CONCLUSION

For the reasons set forth above, the instant motion is **GRANTED in part and DENIED in part**. The motion to dismiss is granted to the extent that all claims against Brian L. Phillips, Jeff C. Tislow, and Steven R. Prothero are **DISMISSED**. However, the

---

[10] Federal Rule of Civil Procedure 11 provides, in part, that "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number . . ." and "[b]y presenting to the court a pleading, written motion, or other paper . . . [an] unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
    (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ."

dismissal is **without prejudice**, and Defendants' request to direct entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) is **DENIED**. All claims against Ryan C. French **REMAIN PENDING**. Furthermore, provided that she does so within thirty (30) days and as otherwise directed in accordance with this order, Plaintiff may file a motion to amend her complaint if she so chooses.

**DATED: March 28, 2014**               /s/RUDY LOZANO, Judge
                                        **United States District Court**