UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JESSICA ELIZABETH THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 4:12-cv-73 |
| | ) |
| RYAN C. FRENCH, | ) |
| *K9 Officer Lafayette Police Department Badge 334*, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the court *sua sponte*. For the following reasons, **IT IS RECOMMENDED** that this matter be **DISMISSED**.

*Background*

The plaintiff, Jessica Elizabeth Thomas, initiated this matter *pro se* on December 17, 2012. On October 9, 2014, this court issued a Notice of Pretrial Conference [DE 34] for a Rule 16 preliminary pretrial conference. Within the order, the court set a pretrial conference for November 14, 2014 and ordered the parties to submit a proposed discovery plan under Rule 26(f) at least five business days before the pretrial conference. Additionally, the notice indicated that the court may impose sanctions in accordance with Rule 16(f) if the parties failed to timely file their report and proposed discovery plan.

On November 4, 2014, the defendant, Ryan C. French, filed his Report of Planning Meeting [DE 36] in accordance with Rule 26(f) and this court's order. In his Report of Planning Meeting, French indicated that he attempted to confer with Thomas as required by this court's order and Rule 26(f) by mailing her a draft of the report of planning meeting on October 9, 2014.

The draft asked Thomas to sign and return it or to contact French's counsel to discuss revisions. However, Thomas failed to respond to French.

Thomas failed to file a discovery plan before the pretrial conference as required by this court's order and Rule 26(f). Additionally, Thomas failed to appear for the pretrial conference on November 14, 2014. The court then issued an Order to Show Cause [DE 38] on November 14, 2014 that required Thomas to file a written response by December 1, 2014 indicating why she should not be held in contempt and sanctioned for her failure to appear at the pretrial conference. Thomas failed to respond to the Order to Show Cause.

*Discussion*

Federal Rule of Civil Procedure 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . ." Rule 37 authorizes the following sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The court considers several factors when determining which sanctions to employ, including: "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." **Rice v. City of Chicago**, 333 F.3d 780, 784 (7th Cir.

2

2003) (citing *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998)). The sanctions must be proportional to the party's misconduct. **Collins v. Illinois**, 554 F.3d 693, 696-98 (7th Cir. 2009). The court measures this by weighing the proposed sanctions against the egregiousness of the party's conduct. **Barnhill**, 11 F.3d 1368. Dismissal is the most severe sanction and generally is applied only when a party has displayed exceptional misconduct or when less drastic sanctions have proven unavailing. **Sun v. Bd. of Trs.**, 473 F.3d 799, 811 (7th Cir. 2007) (explaining that the Seventh Circuit has a well-established policy of favoring trial on the merits over default judgments); **Maynard v. Nygren**, 332 F.3d 462, 467–68 (7th Cir. 2003); **Danis v. USN Commc'ns, Inc.**, 2000 WL 1694325, at *33–*34 (N.D. Ill. Oct. 23, 2000) ("Because a default judgment deprives a party of a hearing on the merits, the harsh nature of this sanction should usually be employed only in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party.") (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 209, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958) (explaining that a party should only be sanctioned with dismissal in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party)). The court first must consider whether less severe sanctions will remedy the damage. **Marrocco v. General Motors**, 966 F.2d 220, 223–24 (7th Cir. 1992).

The Seventh Circuit has employed two different standards for determining whether dismissal is an appropriate sanction. When assessing dismissal for want of prosecution or failure to comply with a court order, the court must consider whether there has been a clear record of delay or contumacious conduct or whether less drastic sanctions have been unavailing. **Maynard**, 332 F.3d at 468–69; **Large v. Mobile Tool Int'l, Inc.**, 2008 WL 2116967, at *7 (N.D. Ind. 2008) ("[C]ontumacious conduct merits strong sanctions, and when the court uses its

3

inherent power to root out contumacious conduct, no showing of willfulness, bad faith, fault or even prejudice is required."). "A slightly different requirement—a finding of willfulness, bad faith or fault—comes into play when dismissals are used specifically as a discovery sanction under Fed.R.Civ.P. 37." *Maynard*, 332 F.3d at 467–68 (citing *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Langley v. Union Electric Co.*, 107 F.3d 510, 514 (7th Cir. 1997); *In re Rimsat, Ltd.*, 212 F.3d 1039, 1046–47 (7th Cir. 2000) (requiring a finding of bad faith when a district court dismisses a case under the inherent powers of the court)). When determining whether to enter a default judgment to sanction a party for his failure to comply with a court order, the court must develop a clear record of the contumacious conduct or failure to obey court orders. *Beyer v. Cormier*, 235 F.3d 1039, 1041 (7th Cir. 2000). Otherwise, it is an abuse of discretion for the court to enter a default judgment without first firing a warning shot or imposing less severe sanctions. *Beyer*, 235 F.3d at 1041. In any case, when issuing sanctions the court must keep in mind the Seventh Circuit's policy favoring trial on the merits. *Maynard*, 332 F.3d at 468.

In this matter, Thomas has displayed contumacious conduct that warrants dismissal. On October 9, 2014, this court issued a Notice of Pretrial Conference that ordered the parties to file a discovery plan in accordance with Rule 26(f) within five business days of a pretrial conference scheduled for November 14, 2014. Thomas never filed a discovery plan in violation of this court's order and Rule 26(f). Additionally, the order and Rule 26(f) required Thomas to confer with French to settle pretrial matters. French attempted to confer with Thomas by mailing a draft of the report on October 9, 2014. However, Thomas did not respond, which also violated this court's order and Rule 26(f). Furthermore, this court's October 9, 2014 order indicated that the court may impose sanctions in accordance with Rule 16(f) if either party violated the order.

As indicated above, this court's October 9, 2014 order set a pretrial conference for November 14, 2014. Thomas did not appear for the pretrial conference on November 14, 2014. The court then issued an Order to Show Cause later that day that ordered Thomas to file a written response by December 1, 2014 indicating why she should not be held in contempt and sanctioned for her failure to appear at the pretrial conference. However, Thomas did not respond to the Order to Show Cause.

Thomas has displayed contumacious conduct that is worthy of dismissal. First, she disregarded and failed to comply with this court's order of October 9, 2014 requiring her to confer with French and submit a Rule 26(f) discovery plan. Although that order warned that the court may issue sanctions for a failure to file a Rule 26(f) discovery plan, the court did not issues any sanctions at that time. Second, Thomas failed to appear for the pretrial conference scheduled for November 14, 2014. Third, she did not respond to this court's Order to Show Cause that also warned her about possible sanctions. Despite this court warning her twice, Thomas has continued to disobey court orders and has failed to participate in this matter. The court does not believe that lesser sanctions will incite Thomas to rectify her behavior. Therefore, this court finds that dismissal is the appropriate sanction for Thomas' contumacious conduct.

For these reasons, **IT IS RECOMMENDED** that this matter be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***Willis v. Caterpillar, Inc.***, 199 F.3d 902, 904 (7th Cir. 1999); ***Johnson v. Zema Sys. Corp.***, 170 F.3d 734, 739 (7th Cir. 1999); ***Hunger v. Leininger***, 15 F.3d 664, 668 (7th Cir. 1994); ***Provident Bank v. Manor***

*Steel Corp.*, 882 F.2d 258, 260–61 (7th Cir. 1989); ***United States v. Johnson***, 859 F.2d 1289, 1294 (7th Cir. 1988); ***Lebovitz v. Miller***, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 18th day of December, 2014.

/s/ Andrew P. Rodovich
United States Magistrate Judge